Craig Stuart Lanza (CL-2452)
John Balestriere (JB-3247)
**BALESTRIERE PLLC**
225 Broadway, Suite 2700
New York, NY 10007
Telephone: 212-374-5404
Email: clanza@balestriere.net
*Attorneys for Plaintiffs*

**07 CIV 9513**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

NICHOLAS SATCHELL,

        Plaintiff,

-against-                                      **COMPLAINT**

THE CITY OF YONKERS and
P.O. JOHN DOE, Shield No. 526,            **JURY TRIAL**
individually and in his official capacity   **DEMANDED**

        Defendants,

------------------------------------------------------------x

Plaintiff, Nicholas Satchell ("Satchell"), by his attorney, Craig Stuart Lanza of Balestriere PLLC, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Satchell is the victim of racist police harassment, which involved being illegally detained, sustaining physical injury and requiring medical attention, and being subjected to racial animosity. All this was done while

Satchell innocently walked on a neighborhood street. Satchell was, of course, not arrested for any crime since he was guilty of none. Satchell brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Satchell also asserts supplemental state law tort claims.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. §1391(b) because the claims arose in this District.

## JURY DEMAND

6. Satchell respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. Satchell is a citizen of the United States and, at all relevant times, a resident of the City of Yonkers in the State of New York.

8.  Defendant The City of Yonkers was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.  Defendant The City of Yonkers maintains the Yonkers Police Department ("the Department"), a public authority and/or police department duly authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of Yonkers.

10. At all times hereinafter mentioned, the individually named Defendant P.O. John Doe, Shield No. 526 ("Defendant P.O. John Doe"), was a duly sworn police officer of the Department, acting under the supervision of the Department and according to his official duties.

11. At all times hereinafter mentioned, Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State of New York or the City of Yonkers.

12. Each and all of the acts of Defendants alleged herein were done by said Defendants while acting within the scope of their employment by Defendant The City of Yonkers.

13. Each and all of the acts of the individually named Defendant alleged herein were done by said Defendants while acting in furtherance of his employment by Defendant The City of Yonkers.

## FACTS

14. On April 26, 2007, Satchell was walking down Knowles Street, near the corner of Knowles Street and Riverdale Avenue, near O'Boyle Park in the City of Yonkers. He was heading toward O'Boyle Park to meet a woman he was dating. He committed no crime that evening, nor are there any allegations, by anyone, that he did anything wrong at all.

15. Around 10:00 p.m., a Yonkers Police vehicle being driven by a Sergeant of the Yonkers Police department approached Satchell. The Sergeant stopped Satchell and informed Satchell that Satchell matched the description of a man who had committed a robbery "across town" using a knife or a gun.

16. Satchell is an twenty-nine year-old African-American man. He is of average height and medium build. He had neither a knife nor a gun, nor any other weapon, when he was stopped.

17. The Sergeant detained Satchell until Defendant P.O. John Doe had arrived. Without provocation or warning, Defendant P.O. John Doe pushed Satchell against a wall and aggressively searched Satchell, kicking at Satchell's legs.

18. Defendant P.O. John Doe quickly determined that Satchell was unarmed but nevertheless continued to harass Satchell. Defendant P.O. John Doe

took out his handcuffs, twisted Satchell's arms behind Satchell's back, and pressed the handcuffs, hard, around Satchell's wrists, far tighter than would be necessary to restrain someone, injuring Satchell.

19. Defendant continued to harass Satchell, slamming Satchell's head into a brick wall, causing permanent injuries that required immediate medical attention.

20. After inflicting serious bodily injury, Defendant P.O. John Doe made plain that racism was the reason for his completely unnecessary, violent behavior: while taking his handcuffs off Satchell, Defendant P.O John Doe barked, "I knew that you didn't rob anyone because if you did, you would have run, Nigger."

21. Defendant P.O. John Doe not only inflicted unprovoked and unjustified physical harm upon Satchell, but also caused psychological trauma by berating Satchell with racial epithets.

22. Satchell did nothing wrong and no one—not even Defendant P.O. John Doe—claims otherwise. He was never charged with a crime, never taken to the precinct, never interrogated, and never taken anywhere to be identified by anyone.

23. Shocked by the incident, Satchell stared at Defendant P.O. John Doe as the two backed away from each other. Defendant looked at Satchell and pointed towards his badge, laughing.

24. Immediately following Satchell's encounter with Defendant P.O. John Doe, Satchell proceeded toward the hospital for treatment of injuries sustained as a result of Defendant P.O. John Doe's brutality.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C § 1983

25. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "23" with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of Defendants, their agents, servants, and employees, were carried out under the color of state law.

27. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and also violated of 42 U.S.C. § 1983.

28. The acts complained of were carried out by the aforementioned individual Defendant in his capacity as a police officer, with all actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual Defendant in his capacity as a police officer, pursuant to the customs, usages, practices, procedures, and rules of the City of Yonkers and the Yonkers Police Department, all under the supervision of ranking officers of said department.

30.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

31.     The acts complained of deprived Satchell of his rights:

   A.   Not to be deprived of liberty without due process of law;

   B.   To be free from seizure and arrest not based upon probable cause;

   C.   To be free from unwarranted and malicious criminal prosecution;

   D.   Not to have excessive force imposed upon him;

   E.   Not to have summary punishment imposed upon him; and

   F.   To receive equal protection under the law.

## PENDANT STATE CLAIMS

32.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

33.     On or about June 7, 2007, and within ninety (90) days after the claim herein accrued, Plaintiff duly served upon, presented to and filed with Defendant The City of Yonkers a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

34. Defendant The City of Yonkers has wholly neglected or refused to make an adjustment or payment thereof, and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

35. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

36. Plaintiff has complied with all conditions precedent to maintaining the instant action.

37. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

### FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### ASSAULT

38. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

39. Defendant P.O John Doe's aforementioned actions placed Satchell in apprehension of imminent harmful and offensive bodily contact.

40. As a result of Defendant P.O. John Doe's conduct, Satchell has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### BATTERY

41. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

42. Defendant police officer touched Satchell in a harmful and offensive manner.

43. Defendant P.O. John Doe did so without privilege or consent from Satchell.

44. As a result of Defendant P.O John Doe's conduct, Satchell suffered severe bodily injuries, including but not limited to bruising on his face.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE ARREST

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

46. Defendant P.O John Doe arrested Satchell in the absence of probable cause and without a warrant.

47. As a result of the aforesaid conduct by Defendants, Satchell was subjected to an illegal, improper, and false arrest by Defendants and was falsely imprisoned, detained, and confined by Defendants.

48. The aforesaid actions by Defendants constituted a deprivation of the Plaintiff's rights.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE IMPRISONMENT

49. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

50. As a result of the foregoing, Satchell was falsely imprisoned, and his liberty was restricted for an extended period of time. He was put in fear for his safety, and was humiliated and subjected to handcuffing and other physical restraints.

51. Satchell was conscious of said confinement and did not consent to same.

52. The confinement of Satchell was without probable cause and was not otherwise privileged.

53. As a result of the aforementioned conduct, Satchell has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

55. The aforementioned conduct was extreme and outrageous and exceeded all reasonable bounds of decency.

56. The aforementioned conduct was committed by Defendant P.O. John Doe while acting within the scope of his employment by Defendant The City of Yonkers.

57. The aforementioned conduct was committed by Defendant while acting in furtherance of his employment by Defendant The City of Yonkers.

58. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to Plaintiff.

59. As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, mental injury, embarrassment, humiliation, shock, fright, physical injury, and loss of freedom.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

60. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

61. Defendant The City of Yonkers selected, hired, trained, retained, assigned, and supervised all members of its Police Department, including the Defendant individually named above.

62. Defendant The City of Yonkers was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the Defendant individually named above.

63. Due to the negligence of the Defendants as set forth above, Plaintiff suffered physical and mental injury as well as pain and trauma, along with embarrassment, humiliation, shock, fright, and loss of freedom.

64. By reason of the aforesaid conduct by Defendants, Plaintiff requests the following relief:

   A. Compensatory damages in the amount of one million dollars ($1,000,000);

   B. Punitive damages in the amount of one million dollars ($1,000,000);

   C. An award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements; and

   D. Any further relief as the Court may find just and proper.


**WHEREFORE**, Plaintiff demands judgment in the sum of one million dollars ($1,000,000) in compensatory damages, one million dollars ($1,000,000) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.


Dated:    New York, New York
          July 9, 2007

By: _____
Craig Stuart Lanza (CL-2452)
John Balestriere (JB-3247)
**BALESTRIERE PLLC**
225 Broadway
Suite 2700
New York, NY 10007
Telephone 212-374-5404