UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **NICHOLAS SATCHELL,** | 07-CIV-9513 (NRB) |
| **Plaintiff,** | ECF |
| - against - | PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS |
| **THE CITY OF YONKERS and P.O. JOHN DOE, Shield No. 526, Individually and in his official capacity,** | |
| **Defendants.** | |

### PLAINTIFF'S' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and Local Rules 26.2 and 26.3 of this Court, Plaintiff Nicholas Satchell ("Plaintiff" or "Satchell") hereby request that Defendant The City of Yonkers, et. al. ("Defendants"), produce for Plaintiff's inspection and copying the documents described below.

These document requests are continuing. If at any time after service of answers hereto, and prior to the trial of this action, Defendants obtain or become aware of additional information pertaining to any of these document requests, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, Defendants shall, within thirty days, and in no event later than five days before trial, serve upon the undersigned such additional information and documents.

## INSTRUCTIONS

A. Whenever a request calls for information which is not available to you in the form requested, but is available in another form or can be obtained, at least in part, from other data in your possession, so state and either supply the information requested in the form in which it is available or supply the data from which the information requested can be obtained.

B. Defendants shall produce all documents in their possession, custody or control, including documents in the possession of those purporting to act or to have acted on behalf of Defendants or those who may have obtained information for or on behalf of Defendants in regard to the subject matter of this case.

C. Each and every document request shall be construed independently. No request shall be construed by reference to any other request if the result is a limitation of the scope of the response to such a request.

D. If Defendants object to any request, or part thereof, Defendants must state with specificity all grounds for objecting and respond to the request to the extent that Defendants do not object.

E. Each document request shall be set forth separately and shall be accorded a separate response. Each response shall first set forth verbatim the document request to which it is responsive, followed by Defendants' response.

F. No part of a document request shall be left unanswered merely because an objection is interposed to another part of the document request.

G. If Defendants are unable to answer any document request, the reasons for Defendants' inability to answer shall be separately stated in detail for each document request.

H. This Request is continuing in nature. Defendants must supplement its responses to this Request as and when additional responsive documents become known or available to Defendants prior to trial.

## DEFINITIONS

A. "Defendants" means both the City of Yonkers and P.O. John Doe.

B. "Educational Institution" means any school, college, university, or any other place of learning.

C. "Incident" means the subject matter, including all events leading up to and following, discussed in Plaintiff's Complaint.

D. "P.O. John Doe" means the police officer with Shield No. 526 of the Yonkers P.D.

E. "Yonkers P.D." means the City of Yonkers Police Department.

## REQUESTS FOR DOCUMENT PRODUCTION

1. All documents relating to any of Plaintiff's First Set of Interrogatories, and any subsequent set of interrogatories that might be served.

2. All documents relating to P.O. John Doe's involvement in the Incident.

3. All documents relating to the involvement of other members of the Yonkers P.D. in the Incident.

4. All documents relating to the alleged robbery for which Satchell was a suspect.

3

5.   All documents relating to P.O. John Doe's disciplinary history, including, but not limited to, Yonkers P.D. internal investigations, formal and informal complaints, periodic reviews, and notes and memoranda relating to the same.

6.   All documents concerning other police officers or personnel with whom P.O. John Doe has worked while working for the Yonkers P.D.

7.   All documents outlining the various calls for assistance which an officer may use and the significance of each call.

8.   All documents relating to calls made or received by any officer with respect to the Incident.

9.   All documents concerning internal policies of the City of Yonkers and the Yonkers P.D., including, but not limited to, documents relating to behavioral, disciplinary, drug, alcohol, and other problems that may arise with an employee.

10.  All documents relating to Yonkers P.D. policies, practices, guidelines, etc. concerning race relations and other issues relating to discrimination, the detainment of potential suspects and the identification of potential suspects.

11.  All Documents relating to P.O. John Doe's criminal record.

12.  All Documents relating to P.O. John Doe's education.

13.  All Documents involving P.O. John Doe's employment history prior to working with the Yonkers P.D.

14.  All Documents regarding P.O. John Doe's application for employment with the Yonkers P.D.

4

Dated:   New York, New York                    Respectfully submitted,
         January 18, 2008


                                                By: /s/ Craig Stuart Lanza
                                                Craig Stuart Lanza (CL-2452)
                                                William S. Holleman[*]
                                                **BALESTRIERE PLLC**
                                                225 Broadway, Suite 2700
                                                New York, NY 10007
                                                Telephone: 212-374-5404
                                                Email: clanza@balestriere.net
                                                *Attorneys for Plaintiff*

---

[*] Admission pending to the New York State Bar.